IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBRA THOMAS,                              )<br>                                                             )<br>     Petitioner,                                  )<br>                                                             )<br>v.                                                          )<br>                                                             )<br>COMMISSIONER, SOCIAL SECURITY  )<br>ADMINISTRATION,                           )<br>                                                             )<br>     Respondent.                               )<br>_____) | Case No. CV 08-213-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is Debra Thomas's Petition for Review (Docket No. 1). Thomas seeks review to set aside of the final decision of Respondent denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. She brings this action pursuant to 42 U.S.C. §§ 405(g).

Having carefully reviewed the record and being otherwise fully advised, the Court enters the following Memorandum Decision and Order.

## I.  ADMINISTRATIVE PROCEEDINGS

Debra G. Thomas ("Petitioner" or "Claimant") applied for disability insurance benefits under Titles II and XVI of the Social Security Act (the "Act") on March 20, 2001, and was denied on May 25, 2001. (AR 41). Petitioner reapplied for benefits under Titles II and XVI of the Act on June 28, 2004. (AR 16). Petitioner alleges the following impairments: degenerative disc disease, asthma, diabetes mellitus, fibromyalgia, carpal tunnel syndrome, a depressive

**MEMORANDUM DECISION AND ORDER  - 1**

disorder, and an anxiety disorder, characterized by post traumatic stress disorder ("PTSD").  (AR 19–20).  Petitioner alleges that the combination of these impairments, "especially the mental impairments of depression, anxiety, and PTSD, prevented her from sustaining any type of work-related activity due to lack of energy, anhedonia, agoraphobia, sleep disturbance, panic attacks, nightmares, appetite disturbance, and suicidal ideation."  (AR 20).  The Commissioner denied Petitioner's application initially, and again after reconsideration, after which Petitioner filed a timely request for a hearing before an Administrative Law Judge.  (AR 16).  ALJ Hayward C. Reed held a hearing on June 21, 2006, in Boise, ID, where the Petitioner appeared with her attorney, Andrea Cardon Magee.  (AR 677).  Medical Expert, Dr. James Bruce, and Vocational Expert, Anne Aastum, also appeared and testified at the hearing.  *Id*.

On September 19, 2006, the ALJ denied Petitioner's claim on the ground that during the period of the claimed disability, "the claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months."  (AR 19).

Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals Council denied review on March 14, 2008, making the AJL's decision the final decision of the Commissioner of Social Security.  (AR 5–7).

Having exhausted her administrative remedies, Petitioner timely filed the instant action.  *Petition for Review* (Docket No. 1).  Petitioner requests that the ALJ's decision be reversed or, in the alternative, that this matter be remanded for an ALJ hearing *de novo*.  *Id.* at p. 2.

**MEMORANDUM DECISION AND ORDER  - 2**

## II.  BACKGROUND

At the time of the most recent hearing before the ALJ, Petitioner was fifty-one years old. (AR 677).  In her application, Petitioner claims a disability onset date of January 31, 1994,[1] through her last insured date of December 31, 1999.  (AR 18).  She had completed fourteen years of formal education, including two years of college and significant military technical school training.  (AR 77).  Petitioner had work experience in the military as a passenger/household good specialist and personnel technician prior to retiring in April 1994.  (AR 18).  Petitioner has stated that due to her disability, she has been completely unable work.  (AR 22).

Upon review, the ALJ determined that Petitioner did not have a severe impairment or combination of impairments making her eligible for benefits.  (AR 19).  Ultimately, the ALJ concluded that, in denying her application, Petitioner had not met her burden under 20 C.F.R. §§ 404.1529 or 20 C.F.R. 404.1527.  (AR 19).

## III.  STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon the Petitioner to establish entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920 (2005).

If the Commissioner's decision is supported by substantial evidence and based upon proper legal standards, then it will be upheld.  42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings of fact by the ALJ are conclusive if supported by substantial evidence.  42

---

[1] At the hearing before the ALJ, Petitioner amended her onset date to May 1, 1994.

**MEMORANDUM DECISION AND ORDER  - 3**

U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).  In other words, if there is substantial evidence to support the ALJ's factual determinations, they must be upheld, even in the face of conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  This standard requires "more than a scintilla," but "less than a preponderance," *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  When the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will only be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's

construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id.* However, reviewing courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citations omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on application of proper legal standards.

## IV. DISCUSSION

When evaluating evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on claimant as to steps one through four[, but] as to step five, the burden shifts to Commissioner." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).

**A.  Sequential Process**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner has not performed substantial gainful activity since May 1, 1994. (AR 18).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520 and 404.1571. If the

**MEMORANDUM DECISION AND ORDER  - 5**

answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). Here, the ALJ found that Petitioner did not have an impairment or combination of impairments. (AR 19). Accordingly, as she was determined as "not disabled under sections 216(I) and 223(d) of the Social Security Act," Petitioner was denied benefits. (AR 24).

**B.      Analysis**

Petitioner challenges the Commissioner's final determination on several grounds. First, Petitioner claims that the ALJ erred in finding that Petitioner's anxiety, PTSD and depression were not severe impairments. *Petitioner's Brief*, pp. 11 (Docket No. 19). Second, she argues that the ALJ erred in not postponing the hearing to allow the medical expert additional time to review the record. *Id.* at 12. Third, she asserts that the ALJ failed to apply the special technique proscribed for evaluation of mental impairments. *Id.* at 15. Fourth, she argues that the ALJ failed to properly develop the record. *Id.* at 12. Fifth, Petitioner chalenges the ALJ's credibility determination. Sixth, she argues that the ALJ improperly weighed evidence from the VA ratings decision, counselor Terry Tippery, and Petitioner's friend, Rogena Brown. *Id.* at 17–19.

In response, Respondent claims that the ALJ's determination is supported by substantial evidence in the record. *Respondent's Brief* (Docket No. 23). Specifically, Respondent claims that Petitioner did not meet her burden of showing she was disabled under the act. *Id.* Respondent points to the fact that Petitioner must show that her disability lasted at least 12 consecutive months, arguing that the medical evidence fails to establish that contention. *Id.* Respondent also asserts that the ALJ properly weighed the subjective opinions of Petitioner, giving it little weight because it was inconsistent with her activities. *Id.* In sum, Respondent

**MEMORANDUM DECISION AND ORDER - 6**

argues that Petitioner failed to meet her burden, and the ALJ committed no error in denying her benefits.  *Id*.

### 1. Step Two: Severe Impairment(s).

At step two of the five-step sequential process, the ALJ is required to identify Petitioner's "severe impairments."  20 C.F.R. § 404.1520(c).  An impairment, or combination of impairments, is severe if the condition(s) "significantly limit [one's] physical or mental ability to do basic work activities."  Id.; 20 C.F.R. § 416.921.  Here, the ALJ concluded Petitioner's conditions did not result in significant limitations and were not severe.  (AR 19).

The Commissioner has adopted regulations which guide dismissal of claims at step two.  Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  S.S.R. 85-28.  The Supreme Court upheld the validity of the Commissioner's severity regulation in *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987).  "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  S.S.R. 85-28.  Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting."  *Id*.

Additionally, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities.  20 C.F.R. § 416.929.  If impairments in

combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id*.

The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987). Further, the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B).

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.
>
> . . .
>
> If . . . evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

SSR 85-28.

Here, the ALJ found Petitioner's medically documented depression, anxiety and PTSD did not cause more than minimal limitations in his ability to work.[2] (AR 19). The ALJ gave reasons for rejecting medical opinions that Petitioner's condition caused marked and severe limitations, (AR 20–24); however, in the Court's view, the evidence is sufficient to satisfy the "*de minimis*" threshold at step two. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

---

[2] It is important to note that Petitioner presented other alleged disabilities. However, as Petitioner does in her appeal, the focus of this Memorandum Decision and Order is on her alleged PTSD, depression and anxiety. *See Petitioner's Brief*, p. 2, n. 1 (Docket No. 19).

**MEMORANDUM DECISION AND ORDER - 8**

### 2. Credibility Determinations at Step Two

The ALJ expressed concerns over Petitioner's credibility citing the inconsistency between her claimed disability and her ability to foster several children during the period under consideration. The ALJ concluded that based on these inconsistencies, namely evidence of the Petitioner's activities of daily living, and the medical evidence in its entirety, Plaintiff was not entirely credible. (AR 20–21). However, "for purposes of a step two finding, where there is no inconsistency between a claimant's complaints and the diagnoses of record from examining and treating doctors, a claim cannot be found 'groundless' under the *de minimis* standard of step two." *Orellana v. Astrue*, 547 F.Supp.2d 1169, 1173 (E. D. Wash. 2008) *citing Webb*, 433 F.3d at 688 (*cf. Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir.2005)) (step two denial affirmed where record had contained no objective evidence and claimant's doctor hesitant to conclude symptoms and complaints were medically legitimate).

Petitioner's complaints are consistent with the medical record, which show diagnoses of depression, anxiety and PTSD. Additionally, there are medical opinions indicating moderate to marked functional limitations, and testimony by the medical expert that there were symptoms of a depressive disorder. Further, the record is well supported by mental health counseling notes and documentation of medication treatment, indicating that Plaintiff's claims are more than *de minimus* or frivolous. (AR 272–76, 148, 196, 370–75, 381-83)  Thus, there is not the total absence of objective medical evidence necessary to preclude a step two finding of a "severe" mental impairment. *Webb*, 433 F.3d at 688.

While Petitioner may not be successful in proving that she is disabled as defined by the Act, the ALJ erred in finding no severe mental impairment and ending the necessary sequential

**MEMORANDUM DECISION AND ORDER  - 9**

evaluation at step two. However, since the ALJ did not complete the sequential process, it is not clear from the record before the Court whether or not Petitioner is disabled as defined by the Act, remand for additional proceedings is appropriate. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is VACATED, and this action is REMANDED for a completion of the sequential process as provided in the foregoing Memorandum Decision and Order.



DATED: **March 30, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**